# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2955

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Dwight Armel, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 24, 2012
Filed: March 1, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Dwight Armel appeals the district court's[1] order committing him to the custody of the Attorney General under 18 U.S.C. § 4246, and we affirm.

Section 4246 provides for the indefinite hospitalization of a person who has been committed to the custody of the Attorney General under 18 U.S.C. § 4241(d)

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

(concerning mental incompetence to stand trial) and who is found--by clear and convincing evidence after a hearing--to be suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. See 18 U.S.C. § 4246(a)-(d). In this case, the district court found the commitment was appropriate because state placement was unavailable and the mental health professionals who examined Armel unanimously believed that his mental illness and history of volatile and threatening behavior would create a risk of dangerousness within the meaning of section 4246 if Armel were unconditionally released. We hold that this finding is not clearly erroneous. See United States v. Williams, 299 F.3d 673, 676-77 (8th Cir. 2002) (standard of review). We note that Armel's custodians are under an ongoing obligation to prepare annual reports concerning his mental condition and the need for his continued hospitalization, see 18 U.S.C. § 4247(e)(1)(B), and to exert reasonable efforts to place hm in a suitable state facility, see 18 U.S.C. § 4246(d).

Accordingly, the judgment is affirmed, counsel's motion to withdraw is granted, and Armel's pro se appellate motions are denied.

_____